UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Christian TORRUELLAS<br><br>Defendant. | Case No. 1:25-mj- 24-01-AJ |

**AFFIDAVIT IN SUPPORT OF
CRIMINAL COMPLAINT**

I, Special Agent James A. Martin, being first duly sworn, hereby depose and state as follows:

**PURPOSE OF AFFIDAVIT**

1. The following affidavit is furnished to support the issuance of a criminal complaint and arrest warrant charging:

**Christian TORRUELLAS ("TORRUELLAS")
DOB: ▮▮ 1992**

with one count of possession of firearms and ammunition by a prohibited person in violation of 18 U.S.C. §922(g)(1) on October 16, 2024.

**AGENT BACKGROUND**

2. I am a Special Agent with the Bureau Alcohol Tobacco Firearms and Explosives ("ATF") having served in this capacity for approximately 7 years. Prior to that I was a Federal Air Marshal for 11 years.

3. In my law enforcement training and experience, I have had an opportunity to conduct investigations into firearms trafficking and unlawful firearms possession. I have conducted or participated in among other things, surveillance, undercover transactions, debriefings

1

of informants and confidential sources, and reviews of taped conversations relating to firearms offenses. I have assisted in many other investigations, both state and federal. I have drafted firearms trafficking and drug related search and arrest warrants. I have assisted in the execution of numerous search and arrest warrants in which firearms, controlled substances, drug paraphernalia, drug related electronic data, and other contraband was found. Through my training and experience, I have become familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the trafficking of illegal drugs as well as illegal firearm possession.

4. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I also am a "federal law enforcement officer" within the meaning of Rule 41 of the Federal Rules of Criminal Procedure.

5. The information set forth in this affidavit is based on my personal participation in this investigation, as well as my training and experience, information received from other law enforcement officers, including their direct examination of relevant documents, and physical surveillance conducted in connection with persons and places mentioned in this affidavit. The purpose of this affidavit is limited to showing that probable cause exists to support the issuance of an arrest warrant and criminal complaint. Accordingly, while this affidavit contains all the material information I am aware of that is pertinent to the requested arrest warrant and complaint, it does not include each fact known by me or other investigators concerning the investigation.[1]

---

[1] Observations made and conclusions drawn throughout this declaration that are based on my training and experience also include the training and experience of other law enforcement agents and officers with whom I have discussed these issues.

## STATUTORY AUTHORITY

6. This investigation relates to offenses committed in the District of New Hampshire of possession of firearms and ammunition by a prohibited person in violation of 18 U.S.C. §922(g)(1).

7. 18 U.S.C. §922(g)(1) states, in pertinent part, that "[i]t shall be unlawful for any person- (1) who has been convicted in any court, of, a crime punishable by imprisonment for a term exceeding one year; to . . . possess in or affecting commerce, any firearm or ammunition."

## PROBABLE CAUSE

8. Based on my training and experience, and the facts set forth in this affidavit, I have probable cause to believe that on October 16, 2024, in the District of New Hampshire, TORRUELLAS unlawfully possessed firearms and ammunition as a prohibited person, specifically, a convicted felon, in violation of 18 U.S.C. §922(g)(1).

*Investigation Background and Prohibition*

9. During the summer of 2024, ATF received information that TORRUELLAS was supplying cocaine to the Keene, New Hampshire area, operating out of an address located at 193 Island Street, Keene, New Hampshire. TORRUELLAS is prohibited from possessing firearms by virtue of multiple prior felonies, including two different federal convictions for violation of 18 U.S.C. 922(g)(1) Possession of a Firearm by a Prohibited Person, specifically: one conviction out of the U.S. District of New Jersey on docket 2:15-cr-00387-MCA, where the defendant received a 42-month sentence in February 2016 followed by 3 years of supervised release, and another conviction out of the U.S. District of Vermont on docket 5:21-cr-00010-CR, where the defendant received a 41-month sentence in May 2023 followed by three years of supervised release (for which he is still under supervision).

*Confidential Source and Controlled Purchase from TORRUELLAS*

10. As detailed herein and while acting at the direction of law enforcement officers, a Confidential Source ("CS") made a controlled purchase of two firearms and ammunition on October 16, 2024 from TORRUELLAS in Keene, New Hampshire. Prior to this controlled transaction, officers searched the CS for narcotics, unexplained currency, and weapons with negative results. Officers equipped the CS with audio/video recording devices and provided the CS with serialized currency to make the controlled purchases. To the extent possible, officers surveilled the CS as the CS traveled to and from the meeting location. After the controlled transaction, officers met with the CS at a pre-arranged location where the CS provided the firearms, and ammunition, as well as the recording equipment to officers, who debriefed the CS about what transpired during the controlled purchases. Officers also searched the CS again after the transactions for narcotics, unexplained currency, and weapons with negative results. To the extent possible, other law enforcement officers and I have reviewed the audio/video recordings of this transaction and found that those recordings corroborate the CS's information.

11. I am aware that the CS is cooperating and assisting with this investigation for monetary compensation. I am aware that the CS was a defendant in an unrelated ATF investigation, where the federal government declined to prosecute the CS's case due to the CS's cooperation in that case. The CS plead guilty to state ammunitions charges as part of the CS's cooperation. The CS also conducted a series of controlled buys of cocaine from TORRUELLAS in the weeks leading up to October 16, 2024 that were audio and/or video recorded. During at least one of those controlled buys of cocaine from TORRUELLAS, I am aware that it appears that CS ingested marijuana during at least one controlled purchase, but I am not aware of any other illicit drug use by the CS. The CS is not regularly drug tested. The CS is a convicted felon, including prior convictions for theft by deception (2022), burglary (2018 and 2009), unlawful taking of a

motor vehicle (2018), and destruction of property (2014).

12. The identity and contact information of the CS, including the CS's true first and last names, active telephone number, and current address, are known to me and other law enforcement officers involved in this investigation. At all times relevant to this investigation, the CS worked at the direction and/or under the supervision of law enforcement, consistent with standard protocols, procedures, or best practices regarding the use of confidential informants, as applicable. However, the CS's identity and contact information, and certain details provided by the CS showing the extent of the CS's assistance or cooperation, are withheld from public disclosure at this time for several reasons, including the risk of harm to the CS and the risk of jeopardizing the investigation that is posed by a premature public disclosure.

13. The CS has provided intelligence to law enforcement concerning firearms trafficking and drug distribution activities unrelated to this case, material aspects of which have been independently corroborated by law enforcement. Further, at the direction and under the supervision of law enforcement, the CS also successfully conducted multiple controlled drug purchases unrelated to this case, resulting in drug seizures and arrests. Thus, based partly on my knowledge of the CS's identity, contact information, and prior involvement in drug activity, as well as my independent corroboration of information provided by the CS, I found the information provided by the CS regarding the subject of this investigation to be reliable.

*October 16 CS Controlled Purchase of Two Firearms and Ammunition*

14. In the days leading up to and including on October 16, 2024, at the direction of law enforcement, the CS arranged via text messages to purchase a revolver from TORRRUELLAS.[2] On October 16, 2024, at approximately 12:50 p.m., the CS traveled to 193 Island Street and entered

---

[2] The CS also discussed in text messages the purchase of a "Z" which I understand to refer to a "zip" of cocaine based on my training and experience and based on communications with the CS, however no cocaine was ultimately purchased during this transaction.

5

the residence. TORRUELLAS showed the CS what appeared to be two (2) AR-Style rifles, a .38 caliber Taurus revolver, a .22 caliber pistol and another revolver that TORRUELLAS kept on his person. The CS provided TORRUELLAS with $1,700 in prerecorded currency in exchange for the Taurus .38 caliber revolver and 26 rounds of .38 caliber ammunition. TORRUELLAS also agreed to sell the CS the .22 caliber pistol for $2,300. The CS told TORRUELLAS that the CS needed to go to the bank to get more money and exited the residence. While being surveilled by investigators, the CS travelled to the pre-determined meeting location to meet with investigators. ATF agents took custody of the .38 caliber pistol and ammunition and provided the CS with an additional $2,300 prerecorded currency.

15. The CS departed to return to 193 Island Street to purchase the Ruger .22 pistol. The CS was surveilled driving back to 193 Island Street where the CS entered the residence. The CS handed TORRUELLAS the $2,300 in prerecorded currency in exchange for the .22 pistol and .22 caliber ammunition. After several minutes, the CS departed the residence and traveled to a predetermined meeting location, where the CS relinquished the recording equipment, the Ruger .22 caliber pistol and .22 ammunition pistol to law enforcement. The CS then provided a debrief of the transaction. This engagement was audio and video recorded and a review of the audio and video recording of the transaction that was captured corroborated the CS's description of the controlled purchase.

16. Keene Police Detective Jen Truman reviewed the audio/video recordings of the controlled purchase at 193 Island Street., Keene, New Hampshire on October 16, 2024. Det. Truman provided the following images from the video recording that corroborate the CS's description of the controlled purchase:

A. This image appears to be the Taurus Revolver purchased from TORRUELLAS, as positively identified by Det. Truman and the CS:



B. This image appears to be the other firearms that were reportedly present at 193 Island Street at the time of the controlled purchase:



A. This image appears to be firearms possessed by TORRUELLAS at the time of the controlled purchase, as positively identified by Det. Truman and the CS:

7



*Interstate Nexus of Firearms and Ammunition*

17.  The two pistols that were recovered were identified as a Taurus model 82S caliber .38 special revolver, bearing serial number AED322880, and a Ruger model 22 Charger, caliber .22 LR, semi-automatic pistol bearing serial number 490-47387.  Additionally, the ammunition that was recovered was identified as twenty-six rounds of assorted .38 caliber ammunition (consisting of twenty rounds stamped "R-P" and "38 SPL + P" and six rounds stamped "BLAZER" and "38 SPL"), as well as fifty rounds of .22 LR ammunition stamped "C".  On November 12, 2024, the two pistols and ammunition were examined by an ATF agent trained in making nexus determinations, and the agent concluded that the two pistols and ammunition traveled in interstate commerce.

## CONCLUSION

18. Based on the foregoing information, I believe that there is probable cause for the issuance of a criminal complaint and arrest warrant charging TORRUELLAS with one count of possession of firearms and ammunition by a prohibited person in violation of 18 U.S.C. §922(g)(1) on October 16, 2024.

      /s/ James A Martin
      James Martin Special Agent
      ATF

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

Date: 2/5/2025
Time: 1:37 p.m.

      /s/ Andrea K. Johnstone
      Honorable Andrea K. Johnstone
      United States Magistrate Judge
      District of New Hampshire